```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :
                                                                        :
              -v-                                                       :     22 Cr. 411 (JPC)
                                                                        :
BRANDY ARIAS,                                                           :     MEMORANDUM OPINION
                                                                        :         AND ORDER
                             Defendant.                                 :
                                                                        :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On February 8, 2023, this Court sentenced Defendant Brandy Arias principally to a term of imprisonment of 60 months on each of her two counts of conviction, to run concurrently, and to be followed by a three-year term of supervised release. Dkt. 32 (Judgment) at 2-3; Dkt. 33 ("Sentencing Tr.") at 35:4-8. Defendant is currently incarcerated at Danbury FCI, with a projected release date of March 5, 2026. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited October 4, 2024).

Defendant has moved for a reduction of her sentencing pursuant to 18 U.S.C. § 3582(c), citing recent amendments to the United States Sentencing Guidelines. Dkt. 36 ("Motion") at 1. In her motion, she asks the Court "to apply the new sentencing guidelines that are in effect as of November 1, 2023," explaining that she believes she is "eligi[b]le for the reduction because [her] criminal history points are 1." *Id.* at 2. Defendant appears to be referring to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively.

Title 18, United States Code, Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the

> Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court first "shall determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A).

Defendant's belief that she is eligible for a reduction in her sentence because she had one criminal history point is mistaken. To start, Defendant would not be eligible for a reduction of her offense level pursuant to U.S.S.G. § 4C1.1, which was added as part of Amendment 821. Section 4C1.1 provides a two-point offense level reduction for certain so-called "zero-point offenders," *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines. U.S.S.G. § 4C1.1(a)(1). Because as explained below Defendant had one criminal history point at the time of her sentencing, she would not have been eligible for an offense level reduction under Section 4C1.1 were that provision then in effect. *See* Dkt. 28 ("PSR") ¶ 51; Sentencing Tr. at 10:25-11:1; *see also* U.S.S.G. § 4A1.2(d)(2).

The offense which resulted in that criminal history point was Defendant's conviction in Bronx County Criminal Court for petit larceny, which resulted in a sentence on July 11, 2019, to a term of conditional discharge and five days of community service. PSR ¶ 51. Defendant committed that offense when she was sixteen years old. *See id.* at 2, ¶ 51.

2

Section 4A1.2(d) of the Guidelines governs the calculation of criminal history points for offenses that were committed prior to the age of eighteen. Under that provision:

> (1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.
>
> (2) In any other case,
>
>    (A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;
>
>    (B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

U.S.S.G. § 4A1.2(d). Because the sentence imposed was a conditional discharge and thus did not entail at least sixty days of confinement, a criminal history point could only be assessed if Section 4A1.2(d)(2)(B) applies, and it does. Defendant committed the petit larceny on July 29, 2017, which was within five years of the onset of her commission of the instant offense in or about March 2022. PSR ¶¶ 2-3, 8; *see* Dkt. 8 (Indictment); Dkt. 23 (transcript of guilty plea proceeding) at 21:6-12. In addition, because Section 4A1.1(c) covers prior sentences other than those of at least sixty days in prison, the sentence for conditional discharge, which entailed a supervisory component, falls within this provision. *See, e.g.*, *United States v. LaBella-Szuba*, 92 F.3d 136, 138 (2d Cir. 1996) (holding that a conditional discharge sentence under New York law constitutes a "criminal justice sentence" pursuant to the former U.S.S.G. § 4A1.1(d) because the defendant's "sentence did include a supervisory component in that the [state court] retained the power to revoke her conditional discharge sentence"); *United States v. Rodriguez*, No. 14 Cr. 718 (RWS), 2017 WL 6375778, at *5 (S.D.N.Y. Dec. 12, 2017) (adding criminal history points under Section 4A1.1(c) where the defendant received a conditional discharge); *United States v. Dozier*, No. 08 Cr. 08 (RWS), 2015 WL 1573317, at *3 (S.D.N.Y. Apr. 8, 2015) (same).

For the sake of completeness, the Court also notes that Defendant's petit larceny conviction is not one that is precluded from counting toward a defendant's criminal history score under Section 4A1.2(c)(2). Petit larceny is not among the offenses identified in Section 4A1.2(c)(1) and Section 4A1.2(c)(2), nor is it similar to any of those offenses.[1] When assessing whether a prior offense is similar to any of the offenses enumerated in Section 4A1.2(c), "courts are to evaluate: (1) the similarity of the offense elements; (2) the comparative punishments imposed for the offenses; (3) the perceived seriousness of the unlisted offense, as indicated by the level of punishment; (4) the level of culpability associated with the unlisted offense; and (5) the degree to which the commission of the unlisted offense indicates a likelihood of recurring criminal conduct." *United States v. Sanders*, 205 F.3d 549, 552 (2d Cir. 2000). Courts undertaking this inquiry may "compar[e] listed and unlisted offenses to take into account any . . . relevant factor, including the actual conduct involved." *United States v. Washington*, 103 F.4th 917, 921-22 (2d Cir. 2024) (internal quotation marks omitted) (alteration in original); *accord Sanders*, 205 F.3d at 553 (instructing courts to "look to the actual conduct involved and the actual penalty imposed—rather than to the range of possible conduct or the range of possible punishments—when determining whether a prior offense is 'similar' to a Listed Offense" (citations omitted)). Here, Defendant's conduct that led to her petit larceny conviction consisted of her stealing another person's cell phone while in a store in the Bronx—conduct which is markedly more serious, and entailed greater culpability, than the relatively minor offenses enumerated in Section 4A1.2(c). *See United States v. Ubiera*, 486 F.3d 71, 74-76 (2d Cir. 2007) (holding that a shoplifting conviction was categorically more serious than the offenses enumerated in Section 4A1.2(c)(1), and thus could be

---

[1] Section 4A1.2(c)(1) provides that offenses enumerated therein "and offenses similar to them . . . are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to the instant offense." Section 4A1.2(c)(2) provides that offenses listed in that provision "and offenses similar to them . . . are never counted."

4

used to compute criminal history). Thus, because Defendant's commission of petit larceny does not fall under Section 4A1.2(c) and occurred within five years of her offense conduct in this case, that conviction properly counted as one criminal history point at her February 8, 2023 sentencing.

Nor is Defendant eligible for a sentence reduction pursuant to Amendment 821's modification to the calculation of "status points" under U.S.S.G. § 4A1.1. Amendment 821 struck the former "status points" provision, which had been at Section 4A1.1(d), and replaced it with language, now at Section 4A1.1(e), which instructs that, in calculating a defendant's criminal history, a court must:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (effective Nov. 1, 2023); *accord* U.S.S.G. § 4A1.1(e). Defendant, however, did not have any criminal history points as a result of "status points" under the version of Section 4A1.1(d) in effect at the time of her sentencing. *See* PSR at 12-13; Sentencing Tr. at 10:25-11:1.

Accordingly, Defendant's motion for a sentence reduction is denied. The Clerk of Court is respectfully directed to close the motion at Docket Number 36 and to mail a copy of this Memorandum Opinion and Order to:

> Brandy Arias
> Reg. No. 91460-054
> FCI Danbury
> Federal Correctional Institution
> Route 37
> Danbury, CT 06811

SO ORDERED.

Dated: October 4, 2024
New York, New York

                                           JOHN P. CRONAN
                                    United States District Judge